972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jason S. PAWELSKI, Plaintiff/Appellant,
v.
Marianne A. COOKE, James J. Nagle, and Chris Krenke,
Defendants/Appellees.
 No. 91-2906.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 3, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Inmate Jason Pawelski entered the Kettle Moraine Correctional Institution ("KMCI") on August 31, 1990 and was confined to the segregation unit during a housing emergency from September 3 to November 5, 1990. He filed this civil rights action against KMCI officials, alleging violations of his constitutional rights to access to the courts and to be free from cruel and unusual punishment because of numerous conditions of confinement during the time he was confined at KMCI. The district court denied Mr. Pawelski's motion for summary judgment and granted the defendants' cross-motion for summary judgment. For the reasons stated in the district court's well-reasoned and thorough memorandum opinion, which considered all of the claims that Mr. Pawelski advanced, we AFFIRM.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Pawelski argues that the district court erred in stating that inmates in segregation have access to the Legal Assistance to Institutionalized Persons Program ("LAIP") since the LAIP does not handle damages cases for inmates suing prison officials. However, this does not raise a genuine issue of material fact that forecloses summary judgment since the district court based its decision that Mr. Pawelski was not denied his constitutional right to access to the courts on the lack of any prejudice